# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:18-cr-059 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| JOHNNIE LEE BONNER, III, | : | |
| | : | |
| Defendant. | : | |

---

## ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 46)
---

This case is before the Court on the Motion for Compassionate Release (Doc. No. 46) (the "Motion"), filed by Johnnie Lee Bonner, III ("Bonner"). Bonner is currently incarcerated at FCI [Federal Correctional Institution] Gilmer in West Virginia. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited June 16, 2021).) He asks the Court for compassionate release from his term of imprisonment. More specifically, he asks that this Court grant him compassionate release, pursuant to Title 18 U.S.C. § 3582(c)(1)(A), based on extraordinary and compelling reasons. (Doc. No. 46 at PageID 301.) For the reasons discussed below, the Court **DENIES** Bonner's Motion.

## I.     BACKGROUND

On April 24, 2018, the United States of America (the "Government") filed a two-count indictment against Bonner: one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. No. 15.) On January 8, 2019, Bonner reached a Plea Agreement, under which he agreed to plead guilty to the first count in the

1

indictment. (Doc. No. 31 at PageID 203.) The Statement of Facts attached to the Plea Agreement, signed by Bonner and his attorney, states:

> On or about April 4, 2018, while occupying a parked vehicle adjacent to the Desoto Bass Public Housing Project located at or near the 900 Block of Danner Ave., in Dayton, Ohio which lies within the Southern District of Ohio, the defendant **JOHNNIE LEE BONNER, III** knowingly possessed a loaded firearm, to wit: a SCCY 9mm, CPX-2, bearing serial number 345284, together with seven live rounds of ammunition. At the time of said possession, the defendant had previously been convicted of three (3) separate felony crimes, each of which were punishable by imprisonment for a term exceeding one year, to wit:
>
> a. On or about December 2, 2002, in the Court of Common Pleas, Montgomery County, Ohio Case Number 2002CR02062, Aggravated Robbery (Deadly Weapon), in violation of the Ohio Revised Code;
>
> b. On or about September 28, 2011, in the Court of Common Pleas, Montgomery County, Ohio Case Number 2011CR02258, Aggravated Robbery (Deadly Weapon), in violation of the Ohio Revised Code; and
>
> c. On or about March 12, 2001, in the Court of Common Pleas, Montgomery County, Ohio Case Number 2000CR03514, Burglary (occupied/criminal offense), in violation of the Ohio Revised Code.

(Doc. No. 31 at PageID 207.)

The Final Presentence Investigation Report ("PSI") regarding Bonner provides additional information about the circumstances of the offense and identifies four prior adult criminal convictions. (PSI ¶¶ 10–12, 45–48.) Bonner's criminal history includes convictions for burglary in 2001, aggravated robbery with a deadly weapon in 2002 and 2011, and possession of cocaine in 2017. (*Id.* at ¶ 45–48.) The PSI also indicates that Bonner accepted responsibility for the present offense. (*Id.* at ¶ 26.)

At sentencing, the Court imposed an 84-month period of incarceration, followed by three years of supervised release with additional conditions, and a $200 special assessment. (Doc. No. 37 at PageID 218–19.) Bonner is currently 38 years old and has an anticipated release date of March 21, 2024. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR,

https://www.bop.gov/inmateloc (last visited June 16, 2021).)

Bonner filed the Motion on March 29, 2021. (Doc. No. 46.) His appointed counsel filed a Supplemental Memorandum in support. (Doc. No. 50.) The Government did not file a Response to the Motion.[1] The matter is ripe for review and decision.[2]

## II. ANALYSIS

### A. Legal Standards

A district court has limited authority to modify a sentence. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) ("[s]ince the Sentencing Reform Act of 1984, federal law has generally prohibited a district court from modifying a term of imprisonment once it has been imposed") (alterations adopted) (internal quotation marks omitted). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333,

---

[1] Despite the absence of a response from the Government, the Court still addresses the Motion on its merits. *See United States v. Faber*, No. 2:18-cr-48, 2020 U.S. Dist. LEXIS 233797, 2020 WL 7318098, at *1 (S.D. Ohio Dec. 11, 2020) (explaining that, because a defendant seeking a sentence reduction under Section 3582(c)(1)(A) bears the burden of proving entitlement to compassionate release, even if the Government files no response to a motion seeking such relief, courts "would still be required to consider the materials in the record before ruling on the motion"); *United States v. Smith*, No. 3:17-cr-25-TMR-1, 2020 U.S. Dist. LEXIS 213050, 2020 WL 6702173, at *1 (S.D. Ohio Nov. 13, 2020) (denying motion for compassionate release despite no response from the Government).

[2] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must fully exhaust all administrative rights to appeal with the prison or wait 30 days after his first request to the prison," and "[p]risoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them") (internal quotation marks omitted) (alterations adopted); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons"). Here, on July 1, 2020, Bonner sent a request to the warden, pleading for a reduction in sentence via the Compassionate Release Program. (Doc. No. 50-1 at PageID 312.) On August 17, 2020, the warden denied this request, finding Bonner's status failed to warrant an early release from sentence. (Doc. No. 50-2 at PageID 313.)

335 (6th Cir. 2013). Section 3582(c)(1)(A) grants such authority in certain limited circumstances. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[3]

The decision to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A) involves a three-step test, based on three substantive requirements. *United States v. Jones*, 980 F.3d 1098, 1106-08 (6th Cir. 2020); 18 U.S.C. § 3582(c)(1)(A)(i). At step one, a court must find that extraordinary and compelling reasons warrant a sentence reduction.[4] *Jones*, 980 F.3d at 1107-08. At step two, a court must find that such a reduction is consistent with <u>applicable</u> policy statements issued by the Sentencing Commission. *Id.* at 1108. At step three, a court must consider any applicable Section 3553(a) factors and, in its discretion, find that the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case. *Id.* A court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). However, a court cannot grant such a motion unless the court addresses "all three steps." *Id.*

Regarding the first step, "Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *Ruffin*, 978 F.3d at 1004. Congress instructed that "[r]ehabilitation of the

---

[3] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *Ruffin*, 978 F.3d at 1003.
[4] "Or, alternatively, whether the defendant fulfills the requirements of § 3582(c)(1)(A)(ii)." *Jones*, 980 F.3d at 1108 n. 12.

defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). But apart from this instruction, "Congress delegated to the Sentencing Commission the responsibility of describing what should be considered extraordinary and compelling reasons for sentencing reduction, including the criteria to be applied and a list of specific examples by promulgating general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A)." *Jones*, 980 F.3d at 1108-09 (alterations adopted) (internal quotation marks omitted). The Sentencing Commission's policy statement regarding compassionate release under Section 3582(c)(1)(A) resides in § 1B1.13 of the United States Sentencing Commission Guidelines Manual. *Id.* at 1109; U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)"). However, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018." *Jones*, 980 F.3d at 1109. Therefore, and for reasons more fully explained in *Jones*, the Sixth Circuit held that—until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act—district courts "have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13" in cases where an incarcerated person files a motion for compassionate release.[5] *Id.* at 1109-11 ("[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion"); *see also*

---

[5] In *Elias*, while not mandating that future courts apply the two-part test used by the district court in that case, the Sixth Circuit held that the district court did not abuse its discretion in applying a "two-part test for deciding when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release: (1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 984 F.3d at 520-21 (the district court did not abuse its discretion in relying on that two-part test; the district court properly considered the Centers for Disease Control and Prevention (CDC) guidance in effect at the time, a scientific journal, and information from the BOP concerning the number of reported COVID-19 cases at the prison). Additionally, the Sixth Circuit held that a district court may deny a motion for compassionate release if the defendant does not provide any records in the motion to support his or her claimed medical ailment(s). *Id.*

5

*United States v. Harvey*, 996 F.3d 310, 314 (6th Cir. 2021) ("without an applicable policy statement, district courts have significant, though not unlimited, discretion to define extraordinary and compelling reasons for relief on their own initiative").

Regarding the second step, again, the Sentencing Commission's policy statement regarding compassionate release under 18 U.S.C. § 3582(c)(1)(A) resides in U.S.S.G. § 1B1.13. *Jones*, 980 F.3d at 1109. However, the Sixth Circuit held in *Jones* that "the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." *Id.*; *see also Elias*, 984 F.3d at 518 ("§ 1B1.13 is not applicable to inmate-filed compassionate-release motions"). Thus, U.S.S.G. § 1B1.13 currently is <u>not</u> an "applicable policy statement[] issued by the Sentencing Commission" in such cases. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1101, 1109. So now, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry," at least until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act. *Jones*, 980 F.3d at 1111.

Regarding the third step, "[d]istrict courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114. The factors set forth in Section 3553(a) "consider such things as the characteristics of the defendant, the nature of the offense, and various penological goals, such as the need to promote respect for law and to protect the public." *Ruffin*, 978 F.3d at 1005. More specifically, 18 U.S.C. § 3553(a) states:

> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> >
> > (2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g) [18 U.S.C. § 3742(g)], are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g) [18 U.S.C. § 3742(g)], is in effect on the date the defendant is sentenced[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Among the variety of items that courts have considered in this step are conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions. *Jones*, 980 F.3d at 1115; *Ruffin*, 978 F.3d at 1008-09. Of course, not all of these items will be applicable or relevant (or known to the court) in all cases, and other items may be applicable or relevant. *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable").

Finally, "Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory." *Jones*, 980 F.3d at 1106; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *Ruffin*, 978 F.3d at 1005 (a "district court has substantial discretion" in deciding whether to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A)); *Elias*, 984 F.3d at 518 (a district court may

reduce the term of imprisonment if all three of the substantive requirements are met, "but need not do so").

### B. **Application**

Bonner asks that the Court grant the Motion by either reducing his sentence or permitting him "to complete the rest of his sentence under house arrest." (Doc. No. 46; Doc. No. 50 at PageID 311.) Bonner argues that the prison environment places him at a heightened risk to contract COVID-19 because he is "already dealing with a lot of stress and other illness to [his] body daily." (Doc. No. 46 at PageID 302.) Specifically, Bonner alleges that he suffers from asthma and sleep apnea. (Doc. No. 50 at PageID 311; Doc. No. 50-1 at PageID 312.)[6] Bonner also notes that he has a consistent record of model behavior while incarcerated and has pursued educational opportunities. (Doc. No. 50-3; Doc. No. 50-4 at PageID 314–16.) If released, Bonner says he would return to live with his family. (Doc. No. 46 at PageID 302.)

The Court first addresses Bonner's request that the Court allow him to complete the rest of his sentence under house arrest. This amounts to asking the Court to change the place where his sentence will be served (from FCI Gilmer to his home), without reducing the term of his sentence. However, it is the Bureau of Prisons ("BOP"), not the courts, that has the authority to determine the place of a defendant's confinement. The CARES Act did not change this fact. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"); CARES Act, Pub. L. No. 116-136, at Div. B., Title II, § 120003(b)(2); *United States v. Brummett*, No. 20-5626, 2020 U.S. App. LEXIS 26427, at *5, 2020 WL 5525871 (6th Cir. Aug. 19, 2020) ("to the extent that [the defendant prisoner] sought relief under the CARES Act, the district court

---

[6] The record is devoid of any medical documentation of these alleged conditions. The Final Presentence Investigation Report, however, indicates that Bonner was seen for asthma and migraines during his previous period of incarceration with the Ohio Department of Rehabilitation and Correction ("ODRC"). (PSI ¶ 67.)

9

correctly held that the authority to grant home confinement remains solely with the Attorney General and the BOP"); *see also United States v Spencer*, No. 20-3721, 2020 U.S. App. LEXIS 28051, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020) ("Section 3582(c)(1)(A) does not authorize the district court to order that a defendant serve his current sentence in home confinement," but, if the court "reduces a defendant's sentence under § 3582(c)(1)(A) to time served, [then] it can impose a term of supervised release equal to the unserved time and order, as a condition of that supervised release, that the defendant be confined to his home"). Therefore, the request is denied.

The Court now considers Bonner's request for compassionate release through reducing his term of imprisonment pursuant to Section 3582(c)(1)(A). (*See* Doc. No. 46.) Regarding step one, for the purposes of the Court's analysis, the Court will <u>assume</u>—without deciding—that Bonner has demonstrated that suffering from his stated medical ailments during the current COVID-19 pandemic presents an extraordinary and compelling reason for reducing the term of imprisonment.[7] Regarding step two, given that Bonner (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision. *Jones*, 980 F.3d at 1111.

However, that does not end the Court's inquiry. There is still the third step: consideration of any applicable Section 3553(a) factors and determination of whether, in the Court's discretion, the reduction is warranted in whole or in part under the particular circumstances of this case. *Jones*, 980 F.3d at 1108; 18 U.S.C. § 3582(c)(1)(A)(i); *see also Ruffin*, 978 F.3d at 1005 ("[e]ven

---

[7] The Court emphasizes it has <u>not</u> actually found that any circumstance (separately or combined) alleged by Bonner qualifies as an "extraordinary and compelling reason[] [that] warrant[s] a reduction" of his sentence. 18 U.S.C § 3582(c)(1)(A)(i). As shown herein, the Court need not actually conduct that analysis to decide the Motion. *See, e.g., United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (affirming district court's decision, which had "assumed for the sake of argument that extraordinary and compelling reasons existed" to reduce the defendant's term of imprisonment, proceeded to weigh several § 3553(a) factors, and then denied the motion for compassionate release).

10

if [the first two requirements] are met, … a district court may still deny relief if it finds that the applicable § 3553(a) factors do not justify it") (internal quotation marks omitted).

The Court has considered the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes Bonner's criminal history and characteristics, such as his asserted behavior in prison and educational or vocational training while incarcerated. *See* 18 U.S.C. § 3553(a)(1). Bonner also accepted responsibility for his actions. Further, the Court acknowledges Bonner's alleged underlying health issues during the challenging conditions posed by the COVID-19 pandemic. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(D).

Yet, Bonner's criminal "history and characteristics" do not favor early release. *See* 18 U.S.C. § 3553(a)(1). Bonner has a troubling record involving firearm-related offenses, including two counts of aggravated robbery with a deadly weapon in 2002. (PSI ¶ 46.) Just over a year after being released from his eight-year term of incarceration, Bonner was indicted for the same offense in 2011 and sentenced to five more years of incarceration. (*Id.* at ¶¶ 46-47.) Bonner was also arrested on a PRC violation in April 2018 following his incarceration for cocaine possession (itself yet another offense he committed while on PRC). (*Id.* at ¶¶ 47-48.) Taken into consideration with the present offense, the "nature and circumstances" of the offense and Bonner's criminal history weigh against release. *See* 18 U.S.C. § 3553(a)(1).

Bonner's extensive criminal history raises concerns for the Court. In this instance, the § 3553(a) factors do not favor early release. Bonner has not yet served even half of his 84-month sentence. *See United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (acknowledging courts may consider time served when evaluating such motions). To reduce the sentence would risk "minimiz[ing] the severity of his offense." *United States v. Chambliss*, 948 F.3d 691 (5th Cir. 2020). Further, sentence reduction could put the public at risk of further crimes by Bonner and

11

detract from providing him the most effective manner of correctional treatment. *See* 18 U.S.C. § 3553(a)(2). The Court does commend Bonner's decision to take advantage of the beneficial educational opportunities provided during incarceration. (Doc. No. 50-3.)

Having considered the factors set forth in Section 3533(a) to the extent they are applicable, the Court finds that the requested reduction in term of imprisonment is not warranted. Thus, even if steps one and two authorized the requested reduction, the Court finds that consideration of the applicable Section 3553(a) factors calls for denial of the Motion for Compassionate Release. *Jones*, 980 F.3d at 1102 (affirming decision to deny motion for compassionate release where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in [defendant's] case but that the § 3553(a) factors counseled against granting compassionate release"); *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (affirming denial of a compassionate release motion where "the District Court reasonably concluded that several of the § 3553(a) factors—including … the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence—counsel against compassionate release …").

### III. CONCLUSION

Although the Court recognizes Bonner's asserted medical ailments and is sympathetic to his arguments about the fear of contracting COVID-19, the circumstances here do not warrant a reduction in the term of imprisonment pursuant to Section 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the Motion for Compassionate Release (Doc. No. 46).[8]

---

[8] The Court acknowledges the valuable contribution and assistance of judicial intern Noah Brown in drafting this order.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, June 24, 2021.

                                                               s/Thomas M. Rose
                                         _____
                                                   THOMAS M. ROSE
                                        UNITED STATES DISTRICT JUDGE