UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | Case No. 3:18-cr-059 |
| : | |
| v. : | |
| : | Judge Thomas M. Rose |
| JOHNNIE LEE BONNER, III, : | |
| : | |
| Defendant. : | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 57)**

---

This case is before the Court on the (Second) Motion for Compassionate Release (Doc. No. 57) (the "Motion"), filed by Johnnie Lee Bonner, III ("Bonner"). Bonner is currently incarcerated at FCI [Federal Correctional Institution] Gilmer in West Virginia. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, http://www.bop.gov/inmateloc (last visited September 21, 2022).) He asks the Court for compassionate release from his term of imprisonment. More specifically, he asks that this Court grant him compassionate release, pursuant to Title 18 U.S.C. § 3582(c)(1)(A), based on alleged extraordinary and compelling reasons. (Doc. No. 57 at PageID 350.) Additionally, Bonner also appears to ask that this Court allow him to complete the rest of his sentence under house arrest. (Doc No. 57 at PageID 350.) Bonner filed various documents in support of the Motion, and his appointed counsel filed a Supplement.[1] (Doc. No. 57-1; Doc. No. 64.) The United States (the "Government") filed a Response to the Motion (Doc. No. 65), in which the Government opposes the relief sought in the Motion. Bonner then filed a reply in support of

---

[1] The Court notes that Bonner has attached his COVID-19 Vaccination Record, which indicates that Bonner received two doses of vaccination against COVID-19 in 2021. (Doc. No. 57 at PageID 369.)

1

the Motion (Doc. No. 71.) This matter is now ripe for review and decision.[2] For the reasons discussed below, the Court **DENIES** Bonner's Motion.

A court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). On the other hand, a court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others.[3] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2020). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

The Motion is Bonner's latest request concerning his imprisonment. (*See* Doc. No. 46 (first motion for compassionate release).) Bonner has previously asked the Court to allow him to

---

[2] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons"). Here, Bonner's request to the Warden of Gilmer FCI asking that compassionate release be sought on his behalf was denied on July 1, 2022. (Doc. No. 71-1 at PageID 412.)

[3] However, courts currently omit the second requirement when an incarcerated person, as opposed to the Bureau of Prisons ("BOP"), files a motion seeking a sentence reduction. *United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). The Sixth Circuit has explained that, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry"—at least until the Sentencing Commission updates § 1B1.13 of the United States Sentencing Commission Guidelines Manual to reflect the First Step Act. *United States v. Jones*, 980 F.3d 1098, 1009-1111 (6th Cir. 2020) (explaining that passage of the First Step Act rendered § 1B1.13 inapplicable to cases where an imprisoned person files a motion for compassionate release).

complete his sentence under house arrest. (Doc. No. 50 at Page ID 311.) The Court denied this request on June 24, 2021, because "it is the Bureau of Prisons ('BOP'), not the courts, that has the authority to determine the place of a defendant's confinement." (Doc. No. 51 at PageID 325.) Additionally, Bonner previously asked the Court for compassionate release, asserting that his medical ailments, specifically asthma and sleep apnea, made him more vulnerable to the COVID-19 virus. (Doc. No. 50 at PageID 311.) The Court denied this request on June 24, 2021, because consideration of the applicable Section 3553(a) factors did not warrant a reduction in Bonner's sentence. (*Id.* at PageID 328.) This included consideration of Bonner's extensive criminal "history and characteristics," including violations while on PRC, as well as how, as of June 24, 2021, Bonner had not served even half of his 84-month imprisonment. (*Id.* at PageID 327-28.) For these reasons, and due to the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant, the Court found Bonner had failed the third requirement of the Section 3582(c)(1)(A) analysis and denied his motion of compassionate release. (*Id.* at PageID 328.)

In the present Motion, Bonner again asks the Court to grant either compassionate release or to allow him to complete the rest of his sentence on house arrest. The Court first addresses Boner's request that the Court allow him to complete the rest of his sentence under house arrest. Again, it is the BOP, not the courts, that has the authority to determine the place of a defendant's confinement. 18 U.S.C § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"); CARES Act, Pub. L. No. 116-136, at Div. B., Title II, § 120003(b)(2); *United States v. Brummett*, No. 20-5626, 2020 U.S. App. LEXIS 26427, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) ("to the extent that [the defendant prisoner] sought relief

3

under the CARES Act, the district court correctly held that the authority to grant home confinement remains solely with the Attorney General and the BOP"); *see also United States v Spencer*, No. 20-3721, 2020 U.S. App. LEXIS 28051, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020) ("Section 3582(c)(1)(A) does not authorize the district court to order that a defendant serve his current sentence in home confinement," but, if the court "reduces a defendant's sentence under § 3582(c)(1)(A) to time served, [then] it can impose a term of supervised release equal to the unserved time and order, as a condition of that supervised release, that the defendant be confined to his home"). Therefore, this request is once again denied.

The Court now considers Bonner's request for compassionate release pursuant to Section 3582(c)(1)(A). Regarding the first requirement of the Section 3582(c)(1)(A) analysis, the Court will <u>assume</u>—without deciding—that Bonner has demonstrated an extraordinary and compelling reason for reducing the term of imprisonment.[4] However, the Court's conclusion after considering the applicable Section 3553(a) factors remains unchanged. Bonner asserts that he has "taken advantage of every opportunity afforded to rehabilitate himself over these past 3 [sic] years." (Doc. No. 57 at PageID 356.) Additionally, Bonner, as of the date of this Order, has served half of his 84-month sentence. Yet, the Court maintains that the characteristics of the defendant and the nature and circumstances of the offense do not favor early release. *Ruffin*, 978 F.3d at 1005.

Having considered the factors set forth in Section 3553(a) to the extent that they are applicable, in the light of the additional information provided by Bonner in the Motion as well as that previously provided in his earlier compassionate release motion, the Court still finds that the

---

[4] The Court emphasizes it has <u>not</u> actually found that any circumstance (separately or combined) alleged by Bonner qualifies as an "extraordinary and compelling reason[] [that] warrant[s] a reduction" of his sentence. 18 U.S.C § 3582(c)(1)(A)(i). As shown herein, the Court need not actually conduct that analysis to decide the Motion. *See, e.g., Jones*, 980 F.3d at 1108 (affirming district court's decision, which had "assumed for the sake of argument that extraordinary and compelling reasons existed" to reduce the defendant's term of imprisonment, proceeded to weigh several § 3553(a) factors, and then denied the motion for compassionate release).

4

requested reduction in the term of imprisonment is not warranted. Thus, the Court finds that consideration of the applicable Section 3553(a) factors calls for denial of the Motion. *United States v. Wright*, 991 F.3d 717, 720 (6th Cir. 2021) (affirming denial of compassionate release motion despite defendant's "recent remorse, health problems, and rehabilitative efforts" where it "found that other considerations—such as his criminal history and disciplinary violations—outweighed these factors").

Although the Court commends Bonner's apparent efforts to better himself while incarcerated (*see, e.g.,* Doc. Nos. 57 and 71) and is sympathetic to his arguments about the fear of contracting COVID-19, the circumstances here do not warrant a reduction in the term of imprisonment pursuant to Section 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the Motion for Compassionate Release. (Doc. No. 57.)

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, October 6, 2022.[5]

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[5] The Court acknowledges the valuable contribution and assistance of judicial extern Caitlyn Doles in drafting this order.